IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MINDY WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-00069 |
| ) | Judge Trauger |
| ACACIA DERMATOLOGY PLLC and ) | |
| DR. ROBERT CHEN, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

Pending before the court is defendant Dr. Robert Chen's Motion for an Order (Docket No. 2), which seeks the court's permission for Chen to represent co-defendant Acacia Dermatology PLLC ("Acacia"). For the reasons discussed below, the defendant's motion will be denied.

Plaintiff Mindy Wilson initially filed this suit in the Circuit Court for Lawrence County, Tennessee. (Docket No. 1, Ex. 1.) Wilson was formerly employed by Acacia, which is owned by Chen. The plaintiff's Complaint alleges that Chen sexually harassed her and that the defendants violated the Fair Labor Standards Act. On August 16, 2011, Chen removed the case to this court.[1]

Chen, who is proceeding *pro se*, has filed a motion for an order permitting him to represent Acacia. The Tennessee state court prohibited Chen from representing Acacia, citing

---

[1] The court expresses no opinion regarding the validity of the removal.

1

Tennessee's rule that a corporation cannot proceed *pro se* and may not be represented by an officer or shareholder. *See Old Hickory Eng'g & Mach Co. v. Henry*, 937 S.W.2d 782, 785 (Tenn. 1996). Chen argues that he may represent Acacia in federal court because the business is an "unincorporated sole proprietorship," not a corporation. (Docket No. 2 at 1-2.) In support, he cites *NLRB v. Consolidated Food Services, Inc.*, 81 Fed. Appx. 13 (6th Cir. 2003), which stated that, because "a sole proprietorship has no legal existence apart from its owner, . . . the individual owner may represent a sole proprietorship in a *pro se* capacity." *Id.* at 15 n.1.

But, as the name "Acacia Dermatology PLLC" suggests, Acacia is a limited liability company, not a sole proprietorship.[2] Unlike a sole proprietorship, "'[a] limited liability company has an existence separate from its members and managers . . . [and] may only appear in court through counsel.'" *Collier v. Greenbrier Developers, LLC*, No. E2008-01601-COA-R3-CV, 2009 Tenn. App. LEXIS 141, at *10 (Tenn. Ct. App. Apr. 16, 2009) (quoting 83 Am. Jur. 2d *Limited Liability Companies* § 1) (alterations and ellipsis in original). Thus, Acacia cannot proceed *pro se*, and it may not be represented by Chen, who is not a licensed lawyer. *La Grasso Bros., Inc. v. Am. Foodservice, L.L.C.*, No. 10-10711, 2011 U.S. Dist. LEXIS 25213, at *5-6 (E.D. Mich. Mar. 11, 2011) (holding that "a limited liability company cannot represent itself" and that it may not be represented by its non-lawyer managing member); *Roscoe v. United States*, 134 Fed. Appx. 226, 227 (10th Cir. 2005) ("[Appellant LLC members] contend that the

---

[2] A search of the business entity records at the Tennessee Secretary of State's web site confirms that Acacia Dermatology PLLC is registered as a limited liability company. http://tnbear.tn.gov/ECommerce/FilingDetail.aspx?CN=0500461231411141031990461181601680952121610241 59, last visited on August 17, 2011.

2

LLC can proceed pro se in this appeal. But it cannot."); *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities." (citations omitted)).

Accordingly, defendant Dr. Robert Chen's Motion for an Order (Docket No. 2) is **DENIED**. Defendant Acacia Dermatology PLLC must retain licensed counsel to proceed in this action.

It is so Ordered.

Entered this 18th day of August 2011.

_____
ALETA A. TRAUGER
United States District Judge