# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| MINDY WILSON, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:11–0069 |
| | ) Judge Trauger |
| v. | ) |
| | ) |
| ACACIA DERMATOLOGY, and | ) |
| DR. ROBERT CHEN, M.D., Ph.D. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the court is the plaintiff's Motion for Remand and For Sanctions (Docket No. 13), to which defendant Dr. Robert Chen has responded (Docket Nos. 25-26).[1] For the reasons discussed herein, this motion will be granted. This case will be remanded to the Circuit Court for Lawrence County, Tennessee, and the court will award the plaintiff $2,000 in sanctions from Chen.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On February 19, 2010, the plaintiff, Mindy Wilson, filed this lawsuit in the Circuit Court for Lawrence County, Tennessee. (Docket No. 1 Ex. 1 at 1.) Wilson asserted that she had worked for Acacia beginning in October 2008 and that she was supervised by Chen, who was the "only officer" of Acacia. (*Id.*) The Complaint alleges that Chen sexually harassed Wilson over several months and that he ultimately terminated her employment because Wilson would not submit to his advances. (*Id*. at 1-6.) The Complaint asserted a Tennessee Human Rights Act

---

[1] Chen claims that Acacia Dermatology ("Acacia"), the entity through which he ran his medical practice, is "no longer in existence." (Docket No. 7.)

1

claim against Acacia and Chen, along with a tortious interference with contract claim against Chen and a claim under the Federal Fair Labor Standards Act (FLSA). (*Id*. at 6-8.)

The defendants retained counsel, and this case proceeded in state court for about 15 months, as the parties engaged in discovery and related motion practice. (*See* Docket No. 1 Ex. 1.) On June 2, 2011, defendants' counsel moved to withdraw, citing a breakdown of the attorney-client relationship. (*Id*. at 189.) On June 6, 2011, Chen filed notice with the court that he would proceed *pro se*, and he stated his intention to also represent Acacia. (*Id*. at 192.) On June 27, 2011, the defendants filed state-law counterclaims against Wilson, asserting, in essence, that Wilson had not brought this lawsuit in good faith. (*Id*. at 270-81.)

On August 5, 2011, a hearing was conducted before Circuit Court Judge Stella Hargrove. (Docket No. 26 at 2.) Chen maintains that the hearing was scheduled to consider a discovery motion that he had filed on July 27, 2011, but, in the days leading up to the hearing, the plaintiff filed a "spasm of hastily prepared motions and pleadings," some of which, Chen alleges, were potentially dispositive of the plaintiff's claims and/or Chen's state-law counterclaims. (*Id.*)

Chen maintains that Hargrove improperly *considered* these motions at the hearing and that she repeatedly ignored his protests during the hearing that "his federal due process rights were being violated." (*Id*. at 3.) At the August 5 hearing, Judge Hargrove, after denying the plaintiff's Motion to Dismiss the counterclaims and the defendants' discovery motion, took under advisement the question of whether Chen could represent Acacia. (Docket No. 1 Ex. 1 at 479.) Chen claims that he believed that this continuance would provide him with the opportunity to offer further proof that the relationship between himself and Acacia was such that he should be permitted to represent Acacia. (Docket No. 27 at 1.) However, in an August 11, 2011 letter to

2

the parties, Judge Hargrove concluded that Chen would not be permitted to represent Acacia because Acacia is a "separate and defined entity". (*See* Docket No. 14 at 3.)

On August 16, 2011, Chen filed his Notice of Removal, asserting federal question jurisdiction. (Docket No. 1.) To be clear, Chen does not maintain that removal is appropriate in light of the FLSA claim in the Complaint. Rather, Chen maintains that the removal was "triggered" by "the signing of an Order by a judge who contradicted herself in the order, and denied Defendant procedural as well as substantive due process rights by allowing the opposing side to ambush him in open court with hastily prepared motions containing improper notice and service of process." (Docket No. 26 at 6.)

Following removal, Chen filed a motion to represent Acacia as a part of his *pro se* representation, which was denied. (Docket No. 4.) Chen subsequently filed a Motion for Summary Judgment and, continuing his efforts to avoid a scenario in which Acacia is required to obtain legal counsel, a Motion for Substitution of Parties. (Docket Nos. 7 and 9.) On August 31, 2011, the plaintiff filed the pending Motion to Remand. (Docket No. 13.) The court has stayed Chen's motions pending a resolution of the Motion to Remand. (Docket No. 22.)

## ANALYSIS

**I.   Motion to Remand**

For at least two clear reasons, this case was not properly removable and should be remanded. In pertinent part, the relevant federal removal statute, 28 U.S.C. § 1446(b), states as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the

3

> defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . .

Here, clearly, the Notice of Removal was filed well after thirty days of the defendant's receipt of the initial pleading, as this case proceeded for almost 18 months prior to Chen's filing the Notice of Removal. Indeed, as Chen makes clear in his response, he is not relying on this first paragraph for removal authority. Rather, he claims that this case was properly removed under the second paragraph, as he filed his Notice of Removal within 30 days of receiving "other paper" (Judge Hargrove's letter), which first made clear that this case had "become removable." (Docket No. 26 at 6.) That is, it was when Chen received the letter from Judge Hargrove that it fully dawned on him that his federal constitutional rights had been violated by plaintiff's counsel in a conspiracy with Judge Hargrove, and, therefore, that he possessed a Section 1983 claim. (*Id.*)

Chen overlooks the first clause in the second paragraph of Section 1446(b), which states that the provision is only applicable if the "case stated by the initial pleading is not removable." Here, this case was initially removable because it stated a federal cause of action under the Fair Labor Standards Act. 28 U.S.C. § 1441; 28 U.S.C. § 1331. As this case was initially removable, the defendants had 30 days from service to remove it, and they did not do so. This alone provides sufficient ground to grant the Motion to Remand.

Even ignoring the plain language of the statute and assuming that this second paragraph of Section 1446(b) permitted the defendant to remove this (initially removable) action in light of a newly discovered ground for removal, Chen's ground for removal would be insufficient. In his

lengthy briefing here, Chen recounts the federal cause of action under Section 1983 that, he claims, arose from the conspiracy between plaintiff's counsel and Judge Hargrove at the August 5, 2011 hearing. (*See* Docket No. 26 at 6-20.)

While this "claim" has not been formally asserted, to the extent it was, it would most logically operate as an independent claim against plaintiff's counsel and Judge Hargrove (setting aside immunity issues). Even if this Section 1983 action could be asserted as a counterclaim in this litigation, "it is well settled that federal counterclaims and defenses are inadequate to confer federal jurisdiction." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007). It is not necessary for this court to further delve into the merits of the potential Section 1983 claim here because, clearly, this case was not properly removed and, therefore, it will be remanded.

## II.    Motion for Sanctions

The plaintiff seeks "fees and costs for this motion." (Docket No. 14 at 10.) Plaintiff's counsel submitted an affidavit and a time entry spreadsheet that indicates that counsel spent 32.4 hours on this case since it was removed, and that, for this work, counsel would charge $8,412.50. (Docket No. 16 Ex. A.)

Section 1447(c) provides that the court, when remanding a case, "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The court retains considerable discretion in fixing a fee award, but such awards are permitted only "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). And here, the court must also consider the directive that district courts should afford the papers submitted by a

5

*pro se* litigant "some leniency" when determining whether attorney fees should be accessed against that litigant. *Williams v. City of Southfield*, 99 Fed. Appx. 44, 46 (6th Cir. 2004).[2]

There was not an "objectively reasonable" basis for removal, given the clear language of Section 1446(b), the dubious nature of Chen's federal "claim," and the settled Sixth Circuit case law stating that, in any event, counterclaims do not create federal jurisdiction. The court does question whether it was necessary to incur roughly $8,500 in legal fees in light of the clear impropriety of removal, and, again,"leniency" is generally owed to *pro se* litigants. This is not an exact science, but, in light of all of this, the court will award the plaintiff $2,000 in legal fees to be paid by defendant Chen.

The plaintiff's Motion for Remand and For Sanctions (Docket No. 13) is **GRANTED**. This case is hereby **REMANDED** to the Lawrence County Circuit Court, and defendant Chen is hereby **ORDERED**, notwithstanding remand, to pay plaintiff $2,000.

It is so Ordered

Enter this __14th__ day of September 2011.

_____
ALETA A. TRAUGER
U.S. DISTRICT COURT JUDGE

---

[2]The plaintiff notes that, at various points in his papers, Chen has alluded to being assisted by a Tennessee attorney named Michael Guth. (Docket No. 14 at 11.) The plaintiff argues that Guth, as an officer of the court, should be subject to sanctions for allowing Chen to file such legally deficient materials. (*Id*. at 11-13.) This argument is without merit. The scope of assistance is entirely unclear, and Chen repeatedly stated that he is proceeding *pro se* and that he is responsible for the materials that he files. (Docket No. 26 at 22.)